**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**Case No. 2:25-cv-01167-JCC**

---

## PLAINTIFF'S STATUS NOTICE FOLLOWING JUDICIAL REASSIGNMENT AND REQUEST FOR CONSIDERATION OF PENDING MOTIONS

TO THE HONORABLE COURT:

Plaintiff Dr. Sam Wise respectfully files this Status Notice to inform the Court of (1) recent developments in case access and service, (2) multiple motions currently pending before the Court, and (3) a formal request for consideration and procedural relief, now that the matter has been reassigned to Your Honor.

---

## I. FALSE SERVICE CERTIFICATIONS BY DOJ AND TSBDE

On or around **July 18, 2025**, the U.S. Department of Justice filed a Motion to Dismiss with a Certificate of Service under Federal Rule of Civil Procedure 5(b)(2)(E), claiming Plaintiff was served electronically via CM/ECF. This is **inaccurate and misleading**.

At that time, Plaintiff was **not registered** for electronic service. The Clerk of Court confirmed that Plaintiff had **no CM/ECF access**, and that a manual form was required to authorize participation. Plaintiff only received CM/ECF access on **July 29, 2025**, after discovering the denial while attempting to register. No email or paper service of the motion was ever received.

Similarly, the **Texas State Board of Dental Examiners (TSBDE)** filed its own Motion to Dismiss using CM/ECF and **falsely certified service** on Plaintiff, despite having **no legal basis** to do so. TSBDE also failed to serve Plaintiff by mail or any method authorized under the Federal Rules.

Both DOJ and TSBDE therefore filed **false certificates of service**, potentially violating **Rule 11(b)** and denying Plaintiff due process. This coordinated failure to notify was designed to **engineer default** and prevent Plaintiff from responding.

---

## II. CASE HISTORY: FIVE-YEAR SUSPENSION OVER A TEMPORARY CROWN NOT PLACED OR BILLED

1

This action arises from retaliation that began in Texas. Plaintiff, a practicing dentist and whistleblower, was suspended for **five years** by TSBDE based on a **temporary crown** that Plaintiff:

- **Did not place**

- **Did not bill for**

- **Did not participate in clinically**

The TSBDE's own expert constructed charges based on alleged "patient sensitivity" involving a **non-vital (dead) tooth**, which by definition is **incapable of sensation**. This demonstrates not only bias but **clinical and legal incompetence**, weaponized to punish protected activity.

## III. VENUE ABUSE AND FORUM EXILE

Plaintiff originally filed this matter in the **Southern District of Texas**, where the retaliation originated. DOJ moved to transfer the case to Washington. Once the transfer was complete, the DOJ reversed position and claimed **this Court also lacks jurisdiction**.

This is a classic case of **procedural exile** — Plaintiff has been shuttled from one jurisdiction to another without meaningful access to justice. If this Court now denies venue or jurisdiction, Plaintiff will have been effectively **ejected from the federal system entirely**, with no forum to hear his claims.

## IV. PATTERN OF RETALIATION AND DEEP STATE COORDINATION

Plaintiff's claims involve coordinated retaliation from:

- The Texas State Board of Dental Examiners (TSBDE)

- The Washington Department of Health (DOH)

- The U.S. Department of Justice (DOJ)

- The Department of Homeland Security / USCIS



- Federal and state actors operating in unison

This aligns with patterns described by federal whistleblower precedent and exposed publicly by officials such as **Pam Bondi**, **Kash Patel**, and **President Donald Trump**, who have warned of DOJ weaponization.

This Court, under Rule 11 and Rule 5(b), retains discretion to **strike or stay any filing made with fraudulent certification**, especially when it operates to suppress pro se access.

Plaintiff's case is grounded in controlling constitutional and retaliation precedent, including:

1. *Ex parte Young*, 209 U.S. 123 (1908)

2. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

3. *Wilkie v. Robbins*, 551 U.S. 537 (2007)

4. *Hartman v. Moore*, 547 U.S. 250 (2006)

5. *Hope v. Pelzer*, 536 U.S. 730 (2002)

6. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)

7. *United States v. Russell*, 411 U.S. 423 (1973)

8. *Louima v. City of New York*, 68 F. Supp. 2d 213 (E.D.N.Y. 1999)

9. *Chambers v. NASCO*, 501 U.S. 32 (1991)

10. *Monell v. Department of Social Services*, 436 U.S. 658 (1978)

---

## V. REQUEST FOR JUDICIAL CONSIDERATION AND RELIEF

Plaintiff respectfully requests the following:

1. That the Court consider and rule on the following motions currently pending:

○  Motion to Strike DOJ's Motion to Dismiss

○  Motion to Strike Certificate of Service

○  Motion to Oppose Dismissal

○  Motion to Stay Proceedings for 60 days

2.  That no ruling be based on **fraudulent service filings** by DOJ or TSBDE

3.  That Plaintiff be permitted **60 days to retain counsel**, complete CM/ECF registration, and, if needed, **amend the complaint** in accordance with Rule 15(a)(2)

**The plaintiff is not asking for special treatment — only the basic procedural fairness guaranteed by the Constitution.**

---

Respectfully submitted,

s/ Dr. Sam Wise

**Dr. Sam Wise**
Pro Se Plaintiff
1613 Ocaso Dr
Laredo, TX 78045
(973) 747-6425
professorsamwise@gmail.com

**Dated: July 30, 2025**