UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

Case No. 2:25-cv-01167-JNW

---

**PLAINTIFF'S EMERGENCY OBJECTION TO JUDICIAL REASSIGNMENT**

**& MOTION TO REINSTATE PRIOR ALLOCATION OR ORDER RANDOM BENCH ASSIGNMENT**

TO THE HONORABLE COURT:

Plaintiff Dr. Sam Wise, appearing pro se, respectfully submits this Emergency Objection to the reassignment of this matter to Judge Jamal N. Whitehead and moves the Court to:

1. Vacate the reassignment and reinstate Judge John C. Coughenour, who was presiding; or

2. Direct the Clerk or Chief Judge to randomly assign the case to an unaffiliated Article III judge to preserve the appearance and substance of impartiality.

This motion is brought under 28 U.S.C. §§ 455(a)–(b) and grounded in the principles of due process, fairness, and public trust. The reassignment occurred within hours of the Plaintiff's filings, exposing serious misconduct, fraudulent service, and constitutional violations.

---

## I. STATEMENT OF FACTS

1. The plaintiff filed this action in the Southern District of Texas, asserting federal and constitutional claims involving retaliatory conduct by federal and state agencies.

2. The case was transferred to the Western District of Washington and assigned first to Magistrate Judge Christel, then to U.S. District Judge John C. Coughenour.

3. On July 30, 2025, Plaintiff filed two urgent motions (Dkts. 27, 28) and a sworn declaration (Dkt. 30), exposing:



- Fraudulent certificates of service by the DOJ and TSBDE;
- Lack of PACER portal access until July 29, 2025, leaving Plaintiff without actual notice of deadlines;
- Ongoing constitutional injury and suppression of evidence.

4. On July 31, 2025, Judge Coughenour accepted the filings and reset the noting date under LCR 7(d)(3) (Dkt. 31).

5. Just hours later, the Court reassigned the matter to Judge Jamal N. Whitehead — without motion, hearing, or explanation.

## II. LEGAL GROUNDS FOR OBJECTION

### A. Appearance of Partiality — 28 U.S.C. § 455(a)

Federal law mandates recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned."

The reassignment occurred immediately after the Plaintiff disclosed DOJ and TSBDE procedural misconduct. Judge Whitehead's prior affiliations — including presidential appointment and potential agency ties — raise reasonable questions of ideological or institutional alignment.

### B. Mandatory Recusal — 28 U.S.C. § 455(b)(1)

Should Judge Whitehead have prior involvement, oversight, or professional connections to any named defendant — particularly DOJ or HHS — recusal is mandatory.

The abrupt reassignment in proximity to filings against these entities only heightens the need for judicial distancing and neutrality.

### C. Procedural Irregularity and Risk of Forum Manipulation

The sequence of events undermines the appearance of fairness:

2

- No docketed motion or party request preceded the reassignment.

- The reassignment occurred directly after judicial action was taken on Plaintiff's motions.

- The effect is the mootings of motions pending before a seated, senior judge, and reallocation to a newly appointed judge within the same political context as the defendants.

## III. PATTERN OF RETALIATION AND TARGETED REASSIGNMENT

This judicial reassignment fits a broader pattern of targeting:

- The case was transferred from Texas after the Plaintiff filed claims involving whistleblower retaliation.

- TSBDE revived a dormant board case days after Plaintiff's federal filing.

- DOJ and TSBDE submitted inaccurate certificates of service, nearly leading to default.

- Plaintiff's PACER access was obstructed, preventing timely notice or participation.

- Now, following Plaintiff's exposure of these acts, the presiding judge is removed.

This mimics known patterns of whistleblower suppression, as described by federal officials and watchdogs:

3

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Vacate the reassignment to Judge Jamal N. Whitehead;

2. Reinstate the assignment to Judge John C. Coughenour; or

3. Order random reassignment to an unaffiliated Article III judge to preserve the reality and appearance of judicial independence.

## V. CONCLUSION

The Constitution entitles all litigants to a fair, neutral, and unbiased tribunal. The reassignment of this matter — directly following the exposure of federal procedural misconduct — risks institutional credibility and creates an impression of judicial steering.

This motion preserves Plaintiff's rights under 28 U.S.C. § 144 and § 455, and ensures that the appellate record reflects a formal objection to unexplained judicial realignment during active whistleblower litigation.

Respectfully submitted,

s/ Dr. Sam Wise

Dr. Sam Wise

1613 Ocaso Dr

Laredo, TX 78045

(973) 747-6425

professorsamwise@gmail.com

Dated: July 31, 2025

4