UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM WISE,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br>          Defendants. | CASE NO. 2:25-cv-01167-JNW<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 31) |

  This matter comes before the Court on Judge Jamal N. Whitehead's denial (Dkt. No. 38) of Plaintiffs' motion for recusal. (Dkt. No. 31.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

  Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive

2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.

4  1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is

5  appropriate if "a reasonable person with knowledge of all the facts would conclude that the

6  judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,

7  626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance

8  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.

9  1992).

10  Plaintiff argues this case, which was initially assigned to Judges David W. Christel and

11  John C. Coughenour, was re-assigned to Judge Whitehead "without motion, hearing, or

12  explanation."  (Dkt. No 31 at 2.)  Plaintiff argues the case was re-assigned to Judge Whitehead

13  shortly after he exposed misconduct by the United States Department of Justice and the Texas

14  State Board of Dental Examiners.  (*Id.*)  Plaintiff argues that Judge Whitehead's previous

15  affiliations, "including presidential appointment and potential agency ties — raise reasonable

16  questions of ideological or institutional alignment." (*Id.*)  Plaintiff argues the re-assignment of

17  this case to Judge Whitehead is part of a broader pattern of "retaliation and targeted

18  reassignment." (*Id.* at 3.)

19  Judge Whitehead declined to recuse himself voluntarily, noting that district courts have

20  inherent authority to manage their dockets and to reassign cases for administrative purposes.

21  (Dkt. No. 38 at 2.)  The Court agrees, and finds no evidence that the routine administrative re-

22  assignment of this case has any implications for Judge Whitehead's impartiality.

23

24

Plaintiff's conclusory allegations concerning Judge Whitehead's prior affiliations cannot, without more, constitute a basis for recusal. *Brody v. President & Fellows of Harvard Coll.*, 664 F.2d 10, 11 (1st Cir. 1981) ("All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal."); *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981) (A judge should not recuse himself based "on unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges.").

The Court finds no evidence that would lead a reasonable person to question Judge Whitehead's impartiality. Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 38) of Plaintiffs' motion for recusal. (Dkt. No. 31.)

Dated this 14th day of August, 2025.

David G. Estudillo
United States District Judge