UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM WISE,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>                Defendants. | CASE NO. 2:25-cv-01167-JNW<br>DISMISSAL ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendant Texas State Board of Dental Examiners' ("TSBDE") motion to dismiss, Dkt. No. 20, and the Court's Order to Show Cause regarding subject matter jurisdiction, Dkt. No. 44. Having reviewed the motions, Plaintiff Sam Wise's responses, Dkt. Nos. 24, 45, the replies, Dkt. Nos. 25, 52, the relevant record, and all supporting materials, the Court GRANTS the Motion and DISMISSES the case for lack of subject matter jurisdiction.

DISMISSAL ORDER - 1

## 2. BACKGROUND

**2.1  Wise's allegations.**

In 2019, Plaintiff Sam Wise purchased a Washington-based dental health practice from Dr. Daniel Haghighi. Dkt. No. 1 at 3. Shortly after his purchase, Wise alleges that he "soon confronted post-sale interference and staff-coordinated complaints." Dkt. No. 54 at 2. Convinced that these efforts were coordinated by Haghighi, Wise sued Haghighi for breach of contract. Dkt. No. 1 at 3; Dkt. No. 45 at 2. Wise also submitted complaints to the Washington Department of Health ("DOH") accusing Haghighi of "fraudulent advertising, improper implant placement, and misrepresentation as a specialist," but notes that all these complaints were closed without any investigation. Dkt. No. 1 at 3.

Shortly thereafter, Wise claims that DOH "opened 51 retaliatory complaints" against him, "none of which were filed by actual patients" and frequently accused Wise of "forging a dental degree." Dkt. No. 1 at 3. As a result of these complaints, DOH suspended Wise's license and imposed $45,000 in fines. *Id.* (citing DOH Orders "Master Case #M2020-662 & M2022-775"). While this was ongoing, Wise alleges that the FBI began a four-year investigation into his practice by raiding his clinic and residence in Washington and Texas. Dkt. No. 1 at 4. He claims that no charges were filed as a result of the investigation. *Id.* He also alleges that he was treated unfairly by judges who presided over cases involving him and his business in both Cowlitz County Superior Court and the Washington State Court of Appeals Division II. *Id.*

Wise concludes that these events are all evidence of a campaign against him. Dkt. No. 1 at 4. He "strongly suspects" that Haghighi "maintained active ties with Iranian intelligence," alleging that such "international intelligence affiliations"—including sharing "common religious and tribal affiliations" with DOH members—are the only explanation for the "breadth and coordination" of this purported campaign. *Id.* at 2–3. On March 1, 2025, Wise filed "federal whistleblower complaints" pertaining to his allegations against Haghighi by sending "over 200 formal emails and certified letters to oversight bodies, congressional staff, and legal watchdogs" including the United States Department of Justice, DOH, and TSBDE.

Three days after sending these emails and letters, Wise claims that TSBDE "reactivated a long-dormant anonymous complaint" regarding a temporary crown placed by Wise's associate. Dkt. No. 1 at 3. According to Wise, TSBDE proposed a "disproportionate" five-year license suspension due to misconduct regarding a crown which Wise "neither placed nor billed." *Id.*

## 2.2   Procedural history.

On April 21, 2025, Wise sued a plethora of individual and organizational defendants in the United States District Court for the Southern District of Texas. Dkt. No. 1. His complaint broadly alleges "violations of constitutional rights, federal retaliation, civil conspiracy, abuse of process, and damages resulting from systematic whistleblower suppression across federal and state agencies." *Id.* A month later, the matter was transferred to the United States District Court for the Western District of Washington. *See* Dkt. No. 14.

On June 26, 2025, TSBDE moved to dismiss Wise's claims. Dkt. No. 20. Then, on August 26, 2025, the Court issued a *sua sponte* order for Wise to show cause why the case shouldn't be dismissed for lack of subject matter jurisdiction. Dkt. No. 44. In response, Wise filed a combined response to the order to show cause and an emergency motion seeking, among other things, leave to amend his complaint and jurisdictional discovery. Dkt. No. 45. On September 12, 2025, the Court ordered Wise to file a proposed amended complaint in compliance with Local Civil Rule 15(a). Dkt. No. 48. Wise then filed a formal motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2), attaching both a redlined and clean version of his proposed amended complaint. Dkt. Nos. 49, 49-1, 49-2. TSBDE opposed the motion for leave to amend, arguing that amendment would be futile. Dkt. Nos. 52, 53.

### 3.  DISCUSSION

**3.1  Leave to amend is granted.**

To begin, Wise moves for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2). Dkt. No. 49. Leave to amend should be "freely given when justice so requires." *Id.* A court may deny leave to amend only where there "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). TSBDE opposes the

motion, arguing that amendment would be futile because Wise cannot cure the jurisdictional defects in his complaint. Dkt. No. 53.

The Court grants leave to amend. Wise filed his motion in response to the Court's order directing compliance with Local Civil Rule 15(a), Dkt. No. 48, and TSBDE does not argue undue delay, bad faith, or prejudice. While some of the proposed amendments may prove futile for reasons discussed below, Rule 15's liberal amendment standard counsels in favor of granting leave.

Ordinarily, an amended complaint supersedes the original complaint and becomes the operative pleading. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc). However, because Wise proceeds pro se, the Court construes his pleadings liberally and holds them, "however inartfully pleaded, … to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Accordingly, in resolving the jurisdictional questions below, the Court considers the allegations in both the original complaint, Dkt. No. 1, and the proposed amended complaint, Dkt. Nos. 49-1, 49-2, as well as Wise's other filings, including his responses to the motion to dismiss and the order to show cause.

**3.2  The Court does not have personal jurisdiction over Defendant TSBDE.**

Defendant TSBDE argues that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2) because Wise fails to show how TSBD is subject to personal jurisdiction in Washington. Dkt. No. 20 at 6–8. For the reasons discussed

below, the Court agrees and dismisses Wise's claims against TSBDE without prejudice.

### 3.2.1   Legal standard.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Unless there has been an evidentiary hearing, the plaintiff's pleadings and affidavits must "make a prima facie showing of personal jurisdiction." *Id.* (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). "[T]he plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant," *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995), but cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities . . . if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)). Meanwhile, specific jurisdiction requires that the suit "arise out of or relate to the defendant's contacts with the forum," which requires "an 'affiliation between the forum and the underlying controversy.'" *Bristol-Myers*, 582 U.S. at 262 (cleaned up)

(quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).

Because Wise does not allege that TSBDE—a Texas state agency—has any continuous and systematic contacts with Washington, the Court assesses the jurisdictional dispute in terms of specific jurisdiction. *See also* Dkt. No. 20 at 8 ("TSBDE simply does not engage in 'continuous and systematic general business contacts' that 'approximate physical presence' in Washington").

"There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quotation modified) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If successful, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction

would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### 3.2.2    As a Texan agency, TSBDE conducts no "forum-related activities" in Washington.

To exercise specific jurisdiction over TSBDE, the Court must determine whether the claims at issue arose out of or relate to TSBDE's contacts with Washington. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023). Wise bears the burden of making a prima facie showing that TSBDE either purposefully availed itself of the forum or purposefully directed its activities toward Washington. *Schwarzenegger*, 374 F.3d at 802. He does not carry his burden here.

To this end, Wise argues that TSBDE's actions satisfy the "effects test" set out in *Calder v. Jones*, 465 U.S. 783 (1984), because TSBDE's revival of the complaint was "triggered by [his] Washington-based federal filings" and was "expressly aimed" at Washington with knowledge of harmful effects in this forum. Dkt. No. 24 at 2; Dkt. No. 45 at 6. The argument fails. Under *Calder*, "the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Doe v. WebGroup Czech Republic, A.S.*, 89 F.4th 1188, 1198 (9th Cir. 2024) (internal quotations omitted). But as the Supreme Court has clarified, the effects test focuses on the defendant's relationship with the forum, not the plaintiff's contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). "The plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

DISMISSAL ORDER - 8

TBDSE is an administrative agency "charged with the duty of acting in the enforcement of the statutes regulating the practice of dentistry in the State of Texas." *See White v. Am. Dental Ass'n*, No. 3:10-CV-2087-L, 2012 WL 537814, at *4 (N.D. Tex. Feb. 16, 2012) (quotation modified). The conduct Wise challenges—TSBDE's reopening of an investigation regarding a temporary crown and proposing a five-year license suspension—occurred entirely in Texas and is limited to the Board's activities in Texas. That Wise resides in Washington or filed complaints from Washington does not make TSBDE's Texas-based regulatory enforcement "expressly aimed" at this forum. Even assuming the revival of the investigation was retaliatory, TSBDE's conduct remained directed at a Texas licensee in Texas.

Because the only connection between TSBDE and Washington runs through Wise's contacts with this forum, the first prong of the specific jurisdiction test is not satisfied. Wise's request for jurisdictional discovery is denied. Discovery cannot cure TSBDE's lack of forum contacts. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (no abuse of discretion in denying discovery where request "based on little more than a hunch that it might yield jurisdictionally relevant facts")

Wise alternatively requests that the Court transfer his TSBDE-related claims to the Southern District of Texas. The Court declines to do so. Dismissal without prejudice adequately protects Wise's interests—he may refile his TSBDE claims in a Texas federal court where personal jurisdiction lies.

Accordingly, TSBDE's Rule 12(b)(2) motion is GRANTED and Wise's claims against TSBDE are DISMISSED WITHOUT PREJUDICE.[1] *See Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024) ("A dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice.").

### 3.3 As pled, the Court does not have subject matter jurisdiction over this dispute.

As a federal court, this Court must dismiss the case if it lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]"). The Court concludes that it lacks subject matter jurisdiction here because Wise's claims do not present a federal question.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Id.*

---

[1] TSBDE also moved to dismiss the complaint under Rule 12(b)(6) for failing to state a claim and on the basis that Wise's claims are barred by sovereign immunity. Dkt. No. 20. Because the Court lacks personal jurisdiction over TSBDE in this matter, it need not reach the Rule 12(b)(6) and sovereign immunity arguments.

DISMISSAL ORDER - 10

As noted earlier, when a plaintiff represents themselves as a pro se litigant, their complaints must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 ( (citations omitted). Even so, "the court should not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) (courts "should not have to serve as advocates for pro se litigants[,]" and a litigant proceeding pro se does so "with no greater rights than a litigant represented by a lawyer[.]"). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (citations omitted).

The party seeking the exercise of jurisdiction must allege sufficient facts in his complaint to establish jurisdiction. *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Broadly speaking, a federal district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (known as "federal question" jurisdiction), *see* 28 U.S.C. § 1331; or (2) for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant (known as "diversity" jurisdiction), *see* 28 U.S.C. § 1332. *See also Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021).

The Court's subject matter jurisdiction analysis is limited to whether the operative complaint presents a federal question, as Wise "expressly disclaims" any reliance on diversity jurisdiction. *See* Dkt. No. 45 at 2. Federal question jurisdiction covers "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To qualify, a federal question must be presented on the face of the complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). This requirement is called the "well-pleaded complaint rule." 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3566 (3d ed.).

Wise's original complaint presents no federal law or Constitutional provisions capable of establishing federal question jurisdiction sufficient to invoke federal question jurisdiction under 28 U.S.C. 1331.

On August 26, 2025, the Court issued an order to show cause directing Wise to explain the basis for federal jurisdiction. Dkt. No. 44. The order specifically instructed Wise to identify "which specific federal laws or constitutional provisions create a cause of action for the alleged conduct" and "what federally protected rights were violated and how those violations occurred." *Id*. at 4. In response, Wise identified several federal statutes—the Administrative Procedure Act (5 U.S.C. §§ 702, 704), Bivens claims under the Fourth and Fifth Amendments, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), and *Ex parte Young*. Dkt. No. 45 at 3–6. His proposed amended complaint similarly invokes these authorities. Dkt. Nos. 49-1, 49-2.

Wise's filings are conclusory. He lists federal statutes and constitutional provisions but fails to connect them to specific factual allegations in a coherent way.

DISMISSAL ORDER - 12

For example, his APA claim alleges "NPDB entries/corrections and record-withholding that impair federal rights," but he does not identify what final agency action is being challenged, what statute requires the agency action Wise seeks, or how the alleged agency conduct violated federal law. Dkt. No. 45 at 3; Dkt. No. 49-2 at 2.

His *Bivens* claims refer to "warrant procurement/execution misconduct" and "*Franks* issues" without alleging facts about what false statements were made in support of a warrant, by whom, or with what intent. Dkt. No. 45 at 4; Dkt. No. 49-2 at 2. His Section 1983 claims assert "retaliatory misuse of processes" by Washington officials without explaining what processes were misused or how such misuse violated his constitutional rights. Dkt. No. 45 at 4; Dkt. No. 49-2 at 2.

Simply invoking the name of a federal statute or constitutional provision does not establish federal question jurisdiction if the complaint fails to allege a plausible factual basis for relief under that authority. While federal question jurisdiction requires only that a federal claim be "non-frivolous," *Bolivar v. Cal. Province of Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999), the plaintiff must still plead enough facts to show that federal law governs the dispute. Here, even construing Wise's filings liberally and considering them collectively, the Court cannot discern a coherent federal cause of action.

Accordingly, Wise's complaint is DISMISSED for lack of subject matter jurisdiction.

### 3.4 The Court declines to grant further leave to amend.

Wise has already been afforded ample opportunity to state a cognizable federal claim. He filed an original complaint, a proposed amended complaint, and comprehensive responses to both TSBDE's motion to dismiss and the Court's order to show cause. Despite these multiple attempts to articulate federal jurisdiction, his pleadings remain conclusory—listing federal statutes and constitutional provisions without connecting them to specific, plausible factual allegations.

While courts ordinarily grant pro se plaintiffs leave to amend, "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 623 (9th Cir. 2023). Courts have "'particularly broad' discretion to deny leave to amend when the plaintiff has already had a chance to amend[.]" *Id.* (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)). Wise has had multiple chances. Further amendment would be futile given his repeated inability to articulate how federal law governs this dispute despite explicit guidance from the Court

The Court thus DENIES leave to amend further and DISMISSES this action WITHOUT PREJUDICE. If Wise wishes to pursue these claims, he may file a new action that properly establishes federal jurisdiction.

### 4. CONCLUSION

Accordingly, the Court hereby ORDERS

(1) TSBDE's Motion, Dkt. No. 20, is GRANTED. Wise's claims against TSBDE are DISMISSED WITHOUT PREJUDICE.

(2) Wise's complaint is DISMISSED for lack of subject matter jurisdiction.

See Dkt. No. 44. This dismissal is without prejudice.

(3) All other pending motions are hereby TERMINATED.

Dated this 31st day of October, 2025.

Jamal N. Whitehead
United States District Judge